IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADOLFO ALVAREZ YBARRA,

        Petitioner,

  v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 08-848-BR

OPINION AND ORDER

**DANIEL J. CASEY**
PO Box 82818
Portland, OR  97282

    Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**KRISTEN E. BOYD**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

On February 1, 2001, a Washington County grand jury indicted Petitioner on charges of Rape in the First Degree, Unlawful Sexual Penetration in the First Degree, Sodomy in the First Degree, and Sexual Abuse in the First Degree. The victim identified in the indictment was Petitioner's daughter, who was ten years old at the time of the offenses.

The case was tried to a jury, who convicted Petitioner of Rape in the First Degree, Sodomy in the First Degree, and Sexual Abuse in the First Degree. The trial judge dismissed the charge of Unlawful Sexual Penetration in the First Degree, as it was improperly pleaded in the Indictment. The trial judge sentenced Petitioner to 200 months of imprisonment.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Ybarra*, 190 Or. App. 305, 79 P.3d 418 (2003), *rev. denied*, 336 Or. 377, 84 P.3d 1081 (2004).

Petitioner then sought state post-conviction relief. Following an evidentiary hearing, the PCR trial judge denied

2 - OPINION AND ORDER -

relief.  Petitioner appealed, and once again the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *Ybarra v. Belleque*, 218 Or. App. 375, 180 P.3d 185, *rev. denied*, 344 Or. 671, 189 P.3d 26 (2008).

On July 17, 2008, Petitioner filed his habeas corpus action in this Court.  In his Amended Petition for Writ of Habeas Corpus, he alleges five grounds for relief:

> **Ground One:**  Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments, because his trial attorney failed to request a postponement for the purpose of obtaining testimony from Petitioner's two other children.
>
> **Ground Two:**  Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments, because his trial attorney failed to investigate why Petitioner's two other children were taken out of the state before the criminal trial.
>
> **Ground Three:**  Petitioner was denied his right to effective assistance of counsel, because his trial attorney failed to obtain testimony from a drug expert demonstrating that Petitioner's heroin withdrawals made it unlikely he was in any condition to have sexually molested the complainant.
>
> **Ground Four:**  Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments, because his trial attorney failed to consult with a sexual abuse expert, or question the state's CARES witnesses, about the typical behavior of a child victim of sexual abuse.
>
> **Ground Five:**  Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments, because his trial attorney failed to present evidence of, or otherwise investigate, circumstances showing that the complainant did not object to spending several days with Petitioner after

3 - OPINION AND ORDER -

the alleged abuse, which was relevant to show that petitioner had not in fact molested her.

Respondent argues Petitioner procedurally defaulted all of the claims alleged and that, in any event, the state PCR trial judge's decision denying relief is entitled to deference. Petitioner concedes the claims are procedurally defaulted because none of them were included in his appeal from the trial judge's denial of PCR relief or his petition for review to the Oregon Supreme Court.  Petitioner argues, however, that he has shown cause and prejudice sufficient to excuse the procedural default.

## LEGAL STANDARDS

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (*e.g.*, state post-conviction relief) before a federal court may consider federal habeas corpus relief.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson,* 501 U.S. 722 (1991) (requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted).  A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights.  *Baldwin*

4 - OPINION AND ORDER -

*v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. *Coleman v. Thompson*, supra; *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, however, the claims are procedurally defaulted in federal court. *O'Sullivan*, 526 U.S. at 848. When a claim is procedurally defaulted, federal habeas review is barred "unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

"'Cause' is a legitimate excuse for the default." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) "Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. *Coleman*, 501 U.S. at 572.

5 - OPINION AND ORDER -

"'[P]rejudice' is actual harm resulting from the alleged constitutional violation." *Thomas*, 945 F.2d at 1123. "Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. *U.S. v. Frady*, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. *Id*.

### DISCUSSION

As noted, Petitioner concedes he procedurally defaulted all five claims for relief by failing to present them on appeal from the denial of state PCR relief. Petitioner argues, however, that his PCR counsel's failure to include all of the claims alleged in the PCR trial proceeding in his appellate brief, despite Petitioner's explicit request that he do so, constitutes "cause."

As noted, there is no constitutional right to an attorney in state PCR proceedings. *Coleman*, 501 U.S. at 752. As such, "attorney ineffectiveness 'in the post-conviction process is not considered cause for the purposes of excusing the procedural default at that stage.'" *Smith v. Baldwin*, 510 F.3d 1127, 1147-48 (9th Cir. 2007) (quoting *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000)), *cert. denied*, 129 S. Ct. 37 (2008). Instead, "counsel acts as the petitioner's agent and thus any attorney error in post-conviction proceedings is generally attributable to

6 - OPINION AND ORDER -

the petitioner himself." *Smith*, 510 F.3d at 1148 (citing *Coleman*, 501 U.S. at 752-53).

Petitioner argues this rule does not apply, because his PCR attorney's misconduct went beyond simple neglect or ineffective assistance, and created an actual impediment to Petitioner's ability to present his federal constitutional claims on appeal. As such, Petitioner argues, counsel ceased to act as Petitioner's agent when he failed to timely file the notice of appeal.

This Court, along with other judges in this District, has previously rejected the agency argument advanced by Petitioner. *See Campbell v. Belleque*, 2009 WL 3190421 *3 (D. Or. 2009) (citing *Hill v. Czerniak*, Case No. 03-CV-1740-BR, 2008 WL 2704493 (D. Or. 2008); *Powell v. Czerniak*, 2007 WL 539436 (D. Or. 2007)); *Goddard v. Hill*, Case No. 04-CV-1290-JO, 2006 WL 3227886 (D. Or. 2006); *Butcher v. Czerniak*, Case No. 03-CV-1022-BR, 2006 WL 176753 (D. Or. 2006); *Thomas v. Cook*, Case No. 02-CV-1260-KI, 2004 WL 1723948 (D. Or. 2004)); *see also Fairman v. Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999)). The reasoning in those cases remains persuasive.

To the extent Petitioner argues the Ninth Circuit decisions in *Smith v. Baldwin* and *Custer v. Hill*, 378 F.3d 968 (9th Cir. 2004) were incorrectly decided, this Court nevertheless remains bound thereby. Moreover, Petitioner's attempt to distinguish his

7 - OPINION AND ORDER -

case from *Smith* and *Custer* is unavailing.  Here, Petitioner made no attempt to file a supplemental *pro se* brief with the Oregon Court of Appeals.  As such, his argument that a supplemental *pro se* petition for review might not have been accepted is without merit.

Petitioner fails to show cause adequate to excuse the procedural default of the claims alleged in his Amended Petition for Writ of Habeas Corpus.  As such, Petitioner is not entitled to proceed with his constitutional claims in this habeas corpus action.[1]

## CONCLUSION

For these reasons, the Court DENIES the Amended Petition for Writ of Habeas Corpus and DISMISSES this action.

Further, the Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  29th  day of June, 2010.

                                s/ Anna J. Brown
                                ANNA J. BROWN
                                United States District Judge

---

[1] The Court need not address whether Petitioner has shown prejudice with respect to these claims.  *Smith*, 510 F.3d at 1147.

8 - OPINION AND ORDER -